HAWTHORNE,: Justice. ■
 

 It'-Was -charged in' á bill of- indictment that the defendant, E'. R. Harrington, did on or about the 23rd day of June, 1948, willfully and unlawfully sell intoxicating liquor for beverage purposes in DeSoto Parish, where the sale of intoxicating liquor is prohibited by law. Defendant was placed on trial under this charge, adjudged guilty, and sentenced to pay a fine of $400 and costs and in default of payment of fine and costs to serve five months in the parish jail. From this conviction and sentence he has appealed to this court.
 

 The trial judge in his per curiams informs us that the defendant, a physician, occupied a small office in Kolb’s Drug Store in the Town of Logansport in DeSoto Parish, which is “dry territory” by virtue of a local option election; that he had no surgical instruments or library, and that there was no evidence that he was practicing his profession other than that he was signing prescriptions for the sale of intoxicating liquors on printed forms for a fee of 10^ per prescription.
 

 According to the per curiams, on the date charged in the indictment the defendant wrote prescriptions for whiskey for two deputy sheriffs at their request, and after writing the prescriptions he filled them himself, that is, he actually made the sales and delivery to the deputy sheriffs from a stock of whiskey in the drug store.
 

 During the trial in the lower court, the district attorney propounded to the sheriff, a witness for the State, the following question: “ML' Sheriff, .'as a,resuiti.d£a! search
 
 *97
 
 warrant issued, did you or did you not seize the'-prescriptions and other equipment or paraphernalia from Kolb’s Drug Store in Logansport on or about the eleventh day of October of this year [1948] ?”
 

 Over objection the sheriff testified that he made such seizure, and -identified a box as one seized in the store on that date, as well as various articles included therein. He had examined some 2,000 of these, and stated that they were prescriptions for whiskey, all written by Dr. Harrington during June, July, August, September, and October. For example, there were 411 prescriptions dated October 9, and 436 or 437 October 2.
 

 The trial judge further informs us that none of these prescriptions was actually offered in evidence except the two written on June 23 for the deputy sheriffs, under which the whiskey was actually sold and delivered by the defendant.
 

 Three bills of exception were reserved during the course of the trial, but in this court defendant relies for reversal of the conviction only on Bill of Exception No. 1. This bill was taken to the overruling of defendant’s objection to the admission of , the testimony of the sheriff, set out above. Counsel for defendant objected to..this testimony for the reason that it was remote, irrelevant, and immaterial; that it tended to show other sales of intoxicating (liquors by the defendant, that such offerings by the State constituted an attempt to prove the commission of crimes other than that charged, and that none of such sales was shown or charged to be illegal.
 

 Defendant in support of his objection relies on the general rule of law that evidence to prove an offense other than the one charged is inadmissible. He recognizes that one of the exceptions to this rule is that evidence is admissible of similar acts) independent of the act charged as the crime in the indictment, in order to show intent, but argues that this exception has no application to subsequent offenses, and cites decisions of this court in support thereof.
 

 The testimony with reference to the prescriptions did not prove or establish a subsequent offense, for, as far as we have been able to ascertain, the mere act of writing a prescription in itself, not followed by a sale of intoxicating liquor, is not a violation of the law of this state. For this reason the rule of law and the authorities cited by defendant have no application. The only question remaining is whether the testimony was relevant and material to the issues in the case.
 

 The sale of intoxicating liquors in dry territory on the prescription of a licensed physician as a medicine is not a violation of law, and is a defense to a prosecution for a sale of intoxicating liquor for beverage purposes where such prescription and sale are made in good faith and in case,.of. sickness. Where- such.de
 
 *99
 
 fense is urged, it is for the court to decide whether the prescription and ■ sale were made in good faith and in case of sickness, or as a mere subterfuge with intent to evade the provisions of the law. In the instant case defendant is urging such a defense, and the question of whether the prescription and sale were made in good faith is a question of fact to be determined by the trial judge, and the testimony elicited from the sheriff was relevant and material to the issue of good faith and was properly admitted by the lower court as rebuttal to the defense urged.
 

 The trial judge further states: “In view of the fact that the prescriptions were not filed [in evidence] and the Court did not consider them in this case and relied on other testimony of the actual sales on the date shown in the bill of indictment, there could be no objection to the evidence herein.” Since the court in adjudging the defendant guilty did not rely on the testimony of the sheriff with reference to the other prescriptions written by the defendant, even if we consider this testimony to be irrelevant and inadmissible, the defendant was not prejudiced by its admission and has no cause for complaint.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 ' O’NIELL, C. J., takes no part.